## STATE v. COOLEY.
No. 2387.

Circuit Court, Palm Beach County.

December 29, 1969.

Zell Davis, Jr., State Attorney, West Palm Beach, for the state.

Walter N. Colbath, Jr., West Palm Beach, for the defendant.

JAMES R. KNOTT, Circuit Judge.

This cause came on for hearing before the court upon the defendant's motion to dismiss, on the ground that "the undisputed facts do not establish a prima facie case of guilt against the defendant according to the affidavits attached hereto . . ." The attached affidavits by two physicians state their respective "findings" to the effect that the defendant was insane at the time of the alleged offense on April 6, 1967, and unable to distinguish right from wrong. Defendant's counsel argues that the state "is required to take timely action to negate or dispute the motion to dismiss, or else the allegations of the defendant shall be admitted as true."

The court having heard argument of counsel, has concluded that because the allegations in behalf of the defendant refer not to facts but to the findings, or opinions, of the physicians in question, the same are not traversable by the state. Criminal Procedure Rule 1.190(d) provides that *factual* matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the state. In the present case, the state's failure to deny that the physi-

cians held the opinions which they expressed is not equivalent to an admission that such opinions are correct, i.e., that the defendant was in fact insane. The motion is therefore denied.